UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK FREEMAN,

    Plaintiff,

v.                                      Case No:   2:21-cv-669-JLB-NPM

NEPTUNE TRUCKING, LLC, JOHN DOE,
and PRIORITY-1, INC.,

    Defendants.
_____

## ORDER

Defendant Priority-1, Inc. ("Priority") removed this personal injury action from state court based on diversity jurisdiction.  (Doc. 1.)   Plaintiff Mark Freeman seeks remand, arguing Priority has failed to show that the amount in controversy exceeds $75,000.  (Doc. 11.)   The Court agrees with Mr. Freeman.   Neither the Complaint's allegations nor a pre-suit letter, the only two items Priority relies on, satisfies the jurisdictional minimum.   Accordingly, the Motion to Remand to State Court (id.) is **GRANTED**.

## LEGAL STANDARD

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).   Once the case is removed, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."   28 U.S.C. § 1447(c).   Last, the

"[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Mr. Freeman does not challenge that the parties are completely diverse. (See Doc. 11 at 2, ¶¶ 2–3.) Thus, the sole issue before the Court is whether the amount in controversy exceeds $75,000.

The Eleventh Circuit has described the appropriate procedure for determining the amount in controversy on removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citation omitted).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. See also Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 88. "To determine whether the

defendant has carried its burden, a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." Anderson v. Wilco Life Ins. Co., 943 F.3d 917, 925 (11th Cir. 2019).

Priority states in its Notice of Removal that "it is facially apparent from the Complaint and additional evidence that the amount in controversy asserted by Plaintiff exceeds $75,000." (Doc. 1 at 10, ¶ 44.) Yet the Complaint only seeks damages in "excess of $30,000, plus interest and costs." (See Doc. 1-1 at 5.) Priority highlights that Mr. Freeman's injuries have resulted in, among other things, "disability, disfigurement, permanent and significant scarring" and "expense of hospitalization, medical and nursing care and treatment, [and] loss of earning." (Doc. 1 at ¶ 45 (referencing Doc. 1-1 at 3, ¶ 13).) Mr. Freeman's injuries arose from Priority's driver negligently loading a truck, thereby allowing "goods to fall from the loading truck, striking the [P]laintiff and causing injury to the Plaintiff." (Doc. 1-1 at 2, ¶ 9.) These allegations, taken alone, do not establish that the amount in controversy exceeds $75,000. See Williams, 269 F.3d at 1320 (holding that jurisdictional minimum was not facially apparent from complaint demanding "general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time").

Priority also references a pre-suit letter from Plaintiff's counsel. (Doc. 1 at 10, ¶ 46.) Although not necessarily a demand letter or settlement offer, the letter does explain Mr. Freeman's injuries in somewhat more detail and thus while "by

itself, [the letter] may not be determinative, it counts for something." Burns, 31 F.3d at 1097. There, counsel explains that a "screen-printing press fell from the lift gate and pulled Mr. Freeman down to the ground with it." (Doc. 1-10 at 1.) "In the impact," the letter continues, "Mr. Freeman suffered injuries to his face, his teeth, his knees, and his left elbow, wrist, and hand. He has neurologic damage to his left side, leaving him unable to use his (dominant) left hand." (Id.) "[O]n bad days, the numbness on his left side is so severe that [Mr. Freeman] requires a cane to walk." (Id.)

Priority maintains that the Complaint's allegations and the pre-suit letter show that "clearly Plaintiff is seeking an amount exceeding $75,000." (Doc. 1 at 10, ¶ 47.) The Court disagrees. Priority emphasizes that Mr. Freeman's injuries leave him unable to use his dominant hand and result in him needing a cane to walk. (Doc. 13 at 4.) Citing cases in which district courts have found the amount in controversy satisfied based on a plaintiff's injuries, Priority argues that "[h]ere, Plaintiff, through the representations of his counsel, admitted suffering the same type of debilitation described in [those cases], where the courts had little difficulty in finding the amount in controversy requirement met." (Id.)

This is a stretch to say the least. For example, one jurist held it was not speculative that "the monetary relief sought will likely exceed $75,000" given the plaintiff's injuries. Co. Prop. & Cas. Ins. Co. v. Metal Roofing Sys., No. 13-60659-CIV, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 24, 2013). But there, the plaintiff "sustained serious, traumatic, and permanent brain damage" that "[was] so severe,

. . . the Florida state court appointed two guardians to oversee his affairs." Id. (quotation omitted). Those guardians even requested that "the state court declare [the plaintiff] legally incompetent and preclude the taking of his deposition because the extent of his memory loss was significant." Id. Likewise, Priority cites another case in which the court distinguished "permanent impairment, brain damage, and daily seizes" from "less severe injuries—a nasal fracture, a lip laceration, and missing teeth." Trapnell v. State Farm Mut. Auto. Ins. Co., No. 16-cv-575-EAK-JSS, 2016 U.S. Dist. LEXIS 190904, at *7 (M.D. Fla. July 12, 2016).

Despite Priority's insistence that "[t]o find otherwise defies common sense," (Doc. 13 at 5), the Court does not equate Mr. Freeman's injuries here to severe brain damage resulting in <u>daily</u> seizures or those giving rise to the possibility of being declared legally incompetent. To be certain, being unable to use one's dominant hand and neurological damage requiring a cane to walk on bad days are no trivial injuries. Nonetheless, the mere recitation of these injuries by Mr. Freeman's counsel is not enough to show, even by a preponderance of the evidence, that Mr. Freeman's injuries exceed $75,000. Priority cannot rely on emphatic but otherwise conclusory language, its own construction, and sweeping statements to meet its burden in offering sufficient proof. Nor can Priority shift this burden onto Mr. Freeman. (See, e.g., Doc. 13 at 2, 5–6 & 6 n.3); Williams, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate [to damages less than $75,000], and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue.").

At bottom, federal courts are courts of limited jurisdiction and "significant federalism concerns" are raised whenever a case is removed from state to federal court—a good reason why the removal statutes are strictly construed. See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999). Indeed, "[a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." <u>Id.</u> Here, the Court simply cannot determine from the Complaint and pre-suit letter that the amount in controversy is satisfied. To find otherwise would require impermissible "conjecture, speculation, or star gazing." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand to State Court (Doc. 11) is **GRANTED**.

2. This matter is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case No. 21000883CA.

3. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Clerk of the Twentieth Judicial Circuit, terminate any pending deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on January 28, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE